IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARMIN WAND, III,

                Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,
JARED HOY, WENDY MONFILS,
SARAH COOPER, WISCONSIN SECURE
PROGRAM FACILITY SECURITY
DIRECTOR, WISCONSIN SECURE
PROGRAM FACILITY, GARY BOUGHTON,
PAULA STOUDT, JOSHUA KOLBO,
MICHAEL FERAN, C.O. HOHN,
LAURA NEUROTH, SAMANTHA
BROWN, DEBBIE WILKINSON,
DEGENHARDT, OOS COMPLAINT
EXAMINER, CORRECTIONS COMPLAINT
EXAMINER, and ELLEN RAY,

                Defendants.

OPINION AND ORDER

24-cv-537-wmc

---

      Representing himself, plaintiff Armin Wand, III, has filed a complaint against prison officials under 42 U.S.C. § 1983, alleging that a false conduct report was filed against him at the Wisconsin Secure Program Facility ("WSPF"). (Dkt. #1.) Because plaintiff is a prisoner seeking leave to proceed without prepayment of the filling fee, the court must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). For reasons explained below, plaintiff's complaint appears to be barred by the applicable statute of limitations. Therefore, the court will order plaintiff to show cause as to why his case should not be dismissed.

ALLEGATIONS OF FACT[1]

Plaintiff is presently incarcerated by the Wisconsin Department of Corrections ("DOC") at the Fox Lake Correctional Institution. He sues DOC and the following other defendants: (1) DOC Secretary Jared Hoy; (2) Director of Adult Institutions ("DAI") Wendy Monfils; (3) DAI Administrator Sarah Cooper; (4) WSPF Security Director; (5) WSPF; (6) Warden Gary Boughton; (7) Deputy Warden Paula Stoudt; (8) Correctional Official Joshua Kolbo; (9) Correctional Official Michael Feran; (10) Correctional Official Hohn; (11) Food Service Administrator Laura Neuroth; (12) Food Service Manager Samantha Brown; (13) CFSL2 Debbie Wilkinson; (14) CFSL2 Degenhardt; (15) OOS Complaint Examiner; (16) Corrections Complaint Examiner, and (17) Institution Complaint Examiner ("ICE") Ellen Ray.

Plaintiff takes issue with a conduct report that he received when he was previously incarcerated at WSPF. Plaintiff explains that, on May 5, 2021, he was assigned to work as a dishwasher in the main kitchen at WSPF when defendant Wilkinson lectured all employees present -- including three new dishwashers -- about putting ice in the kool-aid before it goes in the cooler. Afterwards, plaintiff complained to defendant Brown, who was Wilkinson's supervisor, that Wilkinson "went about it the wrong way" and was "unprofessional."

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously, resolving ambiguities and making reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

On May 7, 2021, plaintiff was making kool-aid for the dinner meal when Wilkinson approached him and said, with an attitude, "Don't put ice in the kool-aid." Plaintiff replied that he was present for the lecture she gave on May 5, 2021, and further informed her that this was not the first time he was working in the kitchen. During this conversation, which took place during the pandemic, plaintiff was not wearing a mask.

On May 17, 2021, Wilkinson approached plaintiff and asked where his mask was. According to plaintiff, none of the other inmates working in the kitchen that day were wearing a mask. Plaintiff claims that Wilkinson singled him out because he complained to her supervisor (Brown) about the way she spoke to the dishwashers on May 5, 2021.

Later in the afternoon on May 17, 2021, plaintiff observed Wilkinson conversing with defendant Hohn. Thereafter, Hohn asked plaintiff to put on his mask. Although plaintiff complied, Wilkinson subsequently approached him and told him that he was getting a conduct report. Noting that no other inmate was wearing a mask, plaintiff stated: "Fuck this [I] quit," and left the kitchen. As he was leaving, plaintiff pointed out to Wilkinson that none of the other inmate workers were wearing masks, to which Wilkinson reportedly replied, "but you were the only one telling Brown that I'm disrespectful to you guys."

On May 21, 2021, defendant Feran issued plaintiff a conduct report (CR #166650), which alleged that Wilkinson told him to put on a mask, but he refused, stating that "on t.v. they say you don't have to wear them." Defendant Degenhardt also accused plaintiff of disobeying an order to wear a mask. That conduct report, which was dated May 19, 2021, charged plaintiff with: (1) disobeying orders; (2) disrespect; and (3)

3

disruptive conduct. Plaintiff alleges that Wilkinson filed the charges against him in CR #166650 in retaliation for complaining to her supervisor. Plaintiff was found not guilty of the disrespect charge, but guilty of the remaining charges at a contested hearing. He was assessed punishment of five days of cell confinement.

Plaintiff later agreed to return to work as a dishwasher in the kitchen. He alleges that Wilkinson harassed him by interfering with the timing of his work assignment on May 30, 2021. That same day, plaintiff filed an appeal from the contested hearing on CR #166650, arguing that he was not guilty of disobeying orders or disruptive conduct and that Wilkinson filed a false conduct report in retaliation against him for complaining to her supervisor.

On June 2, 2021, Wilkinson noticed that plaintiff was in the dish room and sent him back to his cell 15 minutes before the end of his shift "without grounds" for doing so. Plaintiff claims that this was also harassment. On June 9, 2021, plaintiff complained about the incident to Brown. Thereafter, on July 15, 2021, defendant Stoudt affirmed the guilty finding assessed against plaintiff in CR #166650, finding no procedural error.

Plaintiff claims that defendant Wilkinson retaliated against him in May 2021, by filing CR #166650 in violation of the First Amendment to the United States Constitution. He claims that defendants Degenhardt, Hohn, and Feren conspired with Wilkinson to retaliate against him in connection with CR #166650. Plaintiff also claims that the following defendants violated his right to due process under the Fourteenth Amendment by affirming the punishment he received for CR #166650 or turning a blind eye to the retaliation he experienced or by failing to investigate his complaints of retaliation:

4

defendants Kolbo, Boughton, Stoudt, Neuroth, Brown, and Ray.  Plaintiff adds that defendants Hoy, Monfils, and Cooper violated his right to due process by implementing a policy that limits challenges to minor conduct reports to procedural grounds.  He seeks injunctive relief from further retaliation as well as an award of compensatory and punitive damages.

OPINION

Plaintiff's complaint, which he executed on July 29, 2024, is subject to dismissal because it appears untimely.[2]  Plaintiff's claims for violations of his First and Fourteenth Amendment rights arise under 42 U.S.C. § 1983.  Because § 1983 does not have a limitations period, federal courts adopt the forum state's applicable statute of limitations for personal injury claims.  *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001).  Although Wisconsin's limitations period applies, federal law governs when plaintiff's claims accrued.  *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (citing *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)).  A § 1983 claim accrues "when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'"  *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)).

Plaintiff's primary claim is that defendant Wilkinson retaliated against him and that defendants Degenhardt, Hohn, and Feren conspired to retaliate against him in connection

---

[2] Because plaintiff has supplied a declaration pursuant to 28 U.S.C. § 1746, stating that he deposited his complaint in the prison's institutional mail system for delivery to the court on July 29, 2024, his complaint is considered filed on that date under the prison mailbox rule.  *May v. Mahone*, 876 F.3d 896, 898 (7th Cir. 2017); *Ingram v. Jones*, 507 F.3d 640, 644 (7th Cir. 2007).

5

with CR #166650, which issued on May 19, 2021, and was served on plaintiff on May 21, 2021.  (Dkt. #1, at 13-14.)  Plaintiff also claims that his right to due process was violated in connection with CR #166650, which he challenged as impermissibly retaliatory, when his administrative appeal was rejected on July 15, 2021.  (*Id*. at 19.)

The relevant statute of limitations, Wis. Stat. § 893.53, which governs actions "for injury to character or other rights," changed from six to three years in 2018.  *Pemberton v. Walker*, No. 22-cv-716-wmc, 2024 WL 809981, at *3 (W.D. Wis. Feb. 27, 2024) ("For alleged constitutional injuries that occurred before April 5, 2018, the statute of limitations is six years, and for injuries that occurred after April 5, 2018, the statute of limitations is three years."); *see also Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989) (Wisconsin's statute of limitations for violations of "general personal rights" was the most analogous to claims arising under 42 U.S.C. § 1983).  Here, plaintiff's claims accrued when he was found guilty of CR #166650 in May 2021, and his appeal was rejected on July 15, 2021.  *Bey v. Hamblin*, No. 17-cv-784-jdp, 2018 WL 3075834, at *1-2 (W.D. Wis. June 21, 2018).  The statute of limitations expired three years later on July 15, 2024, meaning that the complaint executed by plaintiff on July 29, 2024, is late by two weeks and is untimely.  *Myers v. Noble*, No. 22-1642, 2023 WL 1514439, at *1 (7th Cir. 2023) (affirming dismissal of a prisoner civil rights complaint about a conduct report that was two weeks past the deadline for filing suit).

To proceed, plaintiff will need to explain how his claims are timely.  Unless he can show that any of the factual premises in this opinion regarding the timeline of events are incorrect, or that some other state statute of limitations applies and saves his claims, his

only option appears to be equitable tolling, which is granted sparingly and in extraordinary circumstances upon a showing that plaintiff pursued litigation with due diligence. Accordingly, the court will give plaintiff a chance to respond to this order, explaining whether equitable tolling applies to his case, or whether there is some other reason to reconsider the discussion above regarding the statute of limitations.

## ORDER

IT IS ORDERED that plaintiff Armin Wand, III, may have until **January 31, 2025**, to show cause as to why the court should not dismiss his case as time barred.

Entered this 3rd day of January, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge